# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEO PODGORSKI, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) LIBERTY MUTUAL GROUP INC. and ) LIBERTY MUTUAL FIRE INSURANCE ) COMPANY, ) ) Defendants. ) | No. 16 C 5549 Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Leo Podgorski brings this case against Defendants Liberty Mutual Group Inc. and Liberty Mutual Fire Insurance Company (collectively, "Liberty Mutual") on behalf of himself and a putative class of other similarly situated individuals who renewed Standard Flood Insurance Policies ("SFIPs"), issued in accordance with the National Flood Insurance Program ("NFIP"), with Liberty Mutual after September 2013 and were improperly charged higher premiums because Liberty Mutual failed to notify them that the Federal Emergency Management Agency ("FEMA") had redesignated the location of their homes as lower risk. Podgorski brings six state-law claims, specifically, negligence, negligent misrepresentation, violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, unjust enrichment, breach of implied contract, and fraud, seeking a refund of the excess premium payments and punitive damages. Liberty Mutual moves to dismiss the complaint [21] arguing that the NFIP's regulations preempt Podgorski's state-law claims and, in the alternative, that Podgorski has not adequately stated a claim under state law. Because federal law expressly preempts the state-law claims the Court grants Liberty Mutual's motion to dismiss.

## BACKGROUND[1]

### A. National Flood Insurance Program

Congress established the NFIP to make flood insurance available at a reasonable price and to address the economic stress that floods place on the nation's resources. 42 U.S.C. § 4001(a). The NFIP is administered by FEMA, which is responsible for establishing the terms of the SFIPs, including the SFIP Podgorski obtained for his home in Antioch, Illinois. FEMA oversees the implementation of the NFIP through the Write-Your-Own program, through which private insurance companies, commonly referred to as "WYOs," such as Liberty Mutual, issue and administer SFIPs in their own names as "fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). The terms of each SFIP, including Podgorski's, are identical and promulgated as a federal regulation, and WYOs may not alter the terms of the SFIP, without the written authorization of the Flood Insurance Administrator. 44 C.F.R. §§ 61.4(b), 61.13(d)–(e). Each SFIP is designed to ensure that all insured parties receive the same benefits regardless of where they are located or from whom they purchased their policy. National Flood Insurance Program (NFIP); Insurance Coverage and Rates, 65 Fed. Reg. 34,824, 34,826–27 (May 31, 2000).

### B. Podgorski's Policy

Podgorski originally purchased an SFIP for his home in Antioch, Illinois from Liberty Mutual in 2009. At the time he purchased this policy, his home was located in a flood zone with the designation Zone AE, which is a higher-risk zone. The zone designation is based on the Flood Insurance Rate Map ("FIRM"), which FEMA prepares and maintains. The FIRM delineates special hazard areas and areas subject to special risk premiums. The Zone AE higher-

---

[1] The facts in the background section are taken from Podgorski's complaint and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

risk classification required Podgorski to purchase and maintain flood insurance as condition of his mortgage.

Podgorski renewed his policy annually for six one-year periods, each beginning and ending on July 31. In December 2015, Podgorski received a notice from his mortgage company informing him that his insurance policy inaccurately stated that his home was in a Zone AE area. FEMA had in fact redesignated the area Zone X, a lower-risk zone, in September 2013. Because of this lower-risk designation, Podgorski was no longer required to carry flood insurance, and any flood insurance he did carry would incur a lower premium than insurance for a home located in Zone AE.

Despite the fact that Podgorski's home was located in a lower-risk zone, Liberty Mutual never notified Podgorski of the change and continued to charge him a higher premium consistent with his home being located in Zone AE, not Zone X. Each time Podgorski renewed his policy after the designation change, Liberty Mutual did not notify him of the changed zone and continued charging him the higher Zone AE premium. When Podgorski discovered the error in his zone designation, he contacted Liberty Mutual complaining about the error and requesting a premium refund. Liberty Mutual acknowledged that the designation was incorrect and that the error resulted in Podgorski paying a higher premium but did not refund Podgorski's premiums.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a

Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Liberty Mutual moves to dismiss Podgorski's complaint on the basis that the NFIP, its implementing regulations, and the SFIP preempt all state-law claims. Federal law preempts state law when Congress expressly states that it intends to prohibit state regulation in that area (express preemption); when, by implication, the depth and breadth of a congressional scheme occupies the legislative field (field preemption); and when there is a conflict between state law and federal law (conflict preemption). *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 541, 121 S. Ct. 2404, 150 L. Ed. 2d 532 (2001); *Aux Sable Liquid Prod. v. Murphy*, 526 F.3d 1028, 1033 (7th Cir. 2008). The "purpose of Congress is the ultimate touchstone in every pre-emption case." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S. Ct. 2240, 135 L. Ed. 2d 700 (1996) (citations omitted) (quotations marks omitted). Properly issued federal regulations have the same

4

preemptive effect as statutes. *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S. Ct. 3014, 3022, 73 L. Ed. 2d 664 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes."). And the preemptive effect of federal regulations is not dependent upon express congressional authorization to displace state law. *Id.* at 154. Whether a law is preempted is a question of law which a court may decide at the motion to dismiss stage. *See Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir. 2000) ("A district court's preemption ruling is a question of law."); *Brown v. Kerr–McGee Chem. Corp.*, 767 F.2d 1234, 1237 (7th Cir. 1985) (upholding district court's decision that federal law preempted injunction based on state law even though there had been no briefing or hearing on injunction).

Liberty Mutual argues that Podgorski's state-law claims are preempted under express preemption and conflict preemption theories. Liberty Mutual argues that the terms of the SFIP, a duly promulgated regulation, expressly preempt state-law claims arising out of the administration of SFIPs. Podgorski counters that his, and every other, SFIP only preempts disputes arising out of the handling of insurance claims so, because his lawsuit does not involve insurance claims at all, it is not preempted. The language of each SFIP, including the SFIP that governs the relationship between Podgorski and Liberty Mutual, is taken from a duly issued federal regulation. *See* 44 C.F.R. Pt. 61, App. A(1). The SFIP states, in relevant part:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. This section unambiguously states that federal law "exclusively" governs the SFIP. *Id.*; *see also Davis v. Nationwide Mut. Fire Ins. Co.*, 783 F. Supp. 2d 825, 832 (E.D. Va. 2011) ("[I]t is clear that federal law expressly preempts state law with respect to policy interpretation . . . in the flood insurance context."); *Remund v. State Farm*

5

*Fire & Cas. Co.*, No. 2:07-CV-448-CW-PMW, 2010 WL 2025591, at *4 (D. Utah May 18, 2010) (The phrase "this policy" most naturally covers claims by insureds relating to the policy.), aff'd, 483 Fed. App'x 403 (10th Cir. 2012). Furthermore, at the time FEMA initially proposed the SFIP, FEMA stated that it clarified Article IX in the SFIP "to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law." 65 Fed. Reg. 34,824, 34,827 (May 31, 2000). The language of both the SFIP and FEMA's related statement with the proposed rule are expansive and clearly demonstrate an intention that federal law exclusively governs all claims relating to SFIPs, not just those relating to claims handling.

FEMA reiterated this broad interpretation in a bulletin it released in 2009. WYO Program Bulletin No. W-09038, Notice of FEMA's Intent to Adopt, by Regulation, a Clarification of the Current Express Preemption Clause of the Standard Flood Insurance Policy (July 16, 2009) (the "Bulletin") (available at http://www.nfipiservice.com/pdf/bulletin/w-09038.pdf). The Bulletin states that FEMA understands its regulations to have preempted state-law claims "related to policy formation, renewal, and administration. . ." Bulletin at 1. The Bulletin is not controlling law, *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 FN2 (5th Cir. 2012), but it has persuasive value. *Wyeth v. Levine*, 555 U.S. 555, 577, 129 S. Ct. 1187, 173 L. Ed. 2d 51 (2009) (The "weight we accord the agency's explanation of state law's impact on the federal scheme depends on its thoroughness, consistency, and persuasiveness."). An agency's interpretation of its own regulations deserves substantial deference unless it is plainly wrong or in violation of federal law. *Stinson v. United States*, 508 U.S. 36, 45, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993).

The Bulletin is consistent with the plain language of the SFIP and FEMA's explanatory statement that accompanied the proposal of the SFIP. FEMA has consistently advanced its broad interpretation of the preemptive effect of the SFIP since at least 2000. *See* 65 Fed. Reg. at 34,827; *cf., Wyeth*, 555 U.S. at 577 (the Supreme Court did not defer to the agency's preamble to the rule because the preamble directly contradicted the proposed rule on the topic of preemption). Additionally, courts have recognized that "[t]here is a compelling interest in assuring uniformity of decision in cases involving the NFIP." *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 175 (2d Cir. 2012) (quoting *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000)). A broad preemption of state-law claims arising out of the SFIP is consistent with the interest in national uniformity. Therefore, the Bulletin, while not controlling, is persuasive support for Liberty Mutual's position.

Podgorski argues that preemption under the SFIP is far narrower and only preempts state-law claims relating to the handling of insurance claims. First he argues that "the issue of express preemption under Article IX has almost exclusively arisen in cases involving an insurer's denial or mispayment of an insurance claim." Doc. 27 at 5. In support he cites numerous cases in which courts found state-law claims against insurers regarding payment of insurance claims were preempted and asks this Court to find that the submission of an insurance claim is a threshold requirement for application of Article IX. However, Podgorski cites no authority for the proposition that because courts have encountered a regulation most frequently in one context that is the only context in which it can be applied. The existence of claims-handling cases analyzing preemption in no way limits the applicability of the SFIP's preemptive effect to only those types of cases.

Podgorski next argues that the Fifth Circuit's ruling in *Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009), shows that preemption under the SFIP is limited to claims handling. In that case the plaintiff filed an insurance claim after his home was destroyed by flooding during Hurricane Katrina, but the plaintiff's policy had expired just before the hurricane, leading his then-former insurer to reject his claim. *Id.* at 753. The plaintiff brought suit under state law arguing that he did not renew his policy because of misrepresentations the insurer made to him, and the insurer moved to dismiss the claim arguing that because the suit related to the handling of an insurance claim, federal law preempted the claim. *Id.* The Fifth Circuit held that because the plaintiff no longer had an insurance policy with the defendant at the time he filed his claim, there was no claim to handle, so plaintiff's lawsuit was procurement-related and therefore not preempted by the SFIP. *Id.* at 756–58.

The Fifth Circuit clarified the scope of *Campo* in *Grissom v. Liberty Mut. Fire Ins. Co.* 678 F.3d 397 (5th Cir. 2012), holding that procurement-related claims, which are not preempted, can only occur between an insurer and an uninsured party. *Grissom*, 678 F.3d at 401. The fact that the plaintiff in *Campo* was no longer insured converted what would otherwise have been a lawsuit regarding renewal (which falls under "claims handling") into a lawsuit regarding the procurement of a new policy (which falls under "procurement"). *Id.* Because the *Grissom* plaintiff was still a customer of the insurer, *Campo* did not control and the SFIP preempted the plaintiff's lawsuit. *Id.*

*Grissom* is instructive and *Campo* is inapposite. Like in *Grissom*, Podgorski was still a customer of the insurer at the time of the alleged violation. In both *Grissom* and here, the plaintiff alleges paying a higher premium than he otherwise would have had his insurance company properly informed him of his options, and in both instances the alleged violation of

state law arises from the plaintiff's policy renewals. On these facts the *Grissom* court found federal law preempted the state-law claims, *id.*, so Podgorski's argument that Fifth Circuit law guides against preemption in fact fails.[2]  *Id.*

Podgorski's third argument is that the Bulletin, which FEMA issued following the *Campo* decision, is not controlling law and that the Court should give it little weight. As discussed above, the Bulletin in not controlling, but the Court finds its reasoning persuasive and consistent with the plain language of the SFIP. Therefore the Court will not ignore the document entirely. Even then, the Bulletin is simply additional authority that supports preemption of the state-law claims. The Court's decision is not predicated on the Bulletin and stands independent from it.

The Court finds the plain intention of the SFIP is to preempt all state-law claims arising out of the SFIP, including those relating to policy administration and renewal. Therefore, the Court grants Liberty Mutual's motion to dismiss the complaint. Furthermore, because this disposes of the entire complaint, the Court declines to reach Liberty Mutual's remaining arguments for dismissal.

---

[2] If this Court were to adopt the reasoning of the Fifth Circuit, Podgorski's claims would fall squarely into the claims handling category, which is preempted by federal law. But Liberty Mutual has not raised this argument, instead electing to argue that Podgorski's claims are related to policy administration, which is also preempted by federal law, as discussed above. Liberty Mutual does not argue that the Court should construe the state-law claims as "claims handling," but the Court notes that the clear weight of authority is in favor of construing all claims arising out of a relationship between an insured party and a WYO as "claims handling," even those dealing with renewals of insurance, such as the claims here. *See e.g.*, *Grissom*, 678 F.3d at 400–01; *Saporito v. Stillwater Prop. & Cas. Ins. Co.*, 14-CV-1557 (ARR)(SLT) (E.D.N.Y. June 6, 2016). The Seventh Circuit has yet to weigh in on this issue, but the result is the same in this case whether the Court construes this as a claims-handling case or a policy administration case. Under either theory, the claims are preempted.

## CONCLUSION

For the foregoing reasons the Court grants Liberty Mutual's motion [21] to dismiss.

Dated: December 12, 2016

_____
SARA L. ELLIS
United States District Judge